## MOLLOY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

DISMISSAL AND NONSUIT—DISOBEDIENCE OF ORDER OF COURT—NONPAYMENT OF COSTS.

Where the motion of plaintiff to withdraw a juror was granted on condition that he pay defendant's taxable costs within a specified time, or in default the complaint should be dismissed, and plaintiff failed to pay the costs, a judgment of dismissal was proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 117.]

Appeal from Trial Term, Kings County.

Action by Margaret Molloy, executrix of Daniel Molloy, deceased, against the Metropolitan Street Railway Company. From a judgment of dismissal, entered on default of plaintiff to comply with the conditions on which he was allowed to withdraw a juror on the trial of the cause, plaintiff appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Wm. Pinkney Hamilton, Jr., for appellant.

Bayard H. Ames (Anthony J. Ernest, on the brief), for respondent.

GAYNOR, J. This is a strange case. On meeting with difficulties in making his proofs on the trial, and being himself of the opinion that he had not made out a case, the plaintiff's attorney was allowed on his own motion to withdraw a juror. The court imposed the condition that the plaintiff pay the defendant's taxable costs and disbursements within 10 days, in default of which the complaint should be dismissed. The conditions were not complied with and a judgment of dismissal was entered. The plaintiff appeals from that judgment and discusses several alleged errors of the trial judge in the exclusion of evidence. The case and exceptions consist of 11 pages, the brief for the appellant consists of 15 pages, and that for the defendant of 32 pages—an abuse with which we are growing painfully familiar. Nothing is said of the fact that the court did not dismiss the case, but allowed the plaintiff to withdraw a juror, and that the dismissal is based solely on his default to comply with the conditions imposed.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.